Jones, J.
A motion is made, on behalf of the plaintiff to procure a change of the referee heretofore appointed by the court herein. The action was brought to procure a divorce on the ground of adultery. The change is asked for on the ground that the present referee was referee in a prior action between the same parties, and decided in favor of the defendant. This of itself is not sufficient to call for granting the present motion. It must appear from the testimony taken and proceedings had in the former case, either that the referee had a bias in favor of,4 or prejudice against one of the parties, or that his decision in that cáse will be apt to influence his mind in determining the subsequent one.
. For the purpose of establishing one or the other, or *63 both of their propositions, the record in the prior case, consisting of the pleadings, order of reference, testimony taken before the referee, and his report were submitted to me. I have examined this evidence, and I think the decision of the referee was clearly correct; no bias can therefore be inferred from the fact of his decision being in favor of the defendant. Nor do I see how the decision in that case can influence his mind in this. • It is true he will hold that if the evidence in this case is precisely similar to that in the other, except as to time, place and party, it is not sufficient to support the plaintiff’s case. This, however, every other referee would in my judgment be bound to do,
If the object of this motion is to obtain a referee who, upon such testimony, would report in favor of the plaintiff^ it should not be granted.
It is true the defendant was shown to be guilty of great improprieties by the .evidence of the alleged partioeps oriminis; but that party distinctly and positively denies any criminal intercourse. It is also true that his testimony is subject to great criticism. But if he is to be wholly disbelieved, there is no evidence to support the plaintiff’s case. I see no reason for crediting him as to every thing else, but disbelieving him when he swears there was no criminal intercourse.
The application must be”denied,